# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| TIFFANY EPPLER, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CA NO. 9:18-cv-152 |
| | § | |
| RLKMS ENTERPRISES, INC. AND | § | |
| CRAIG THOMPSON, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tiffany Eppler sues Defendants RLKMS Enterprises, Inc. and Craig Thompson, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is an action for failure to pay overtime brought under the Fair Labor Standards Act ("FLSA"). Defendants operate a fire and water remediation business in Lufkin and surrounding counties under the name Service Master Disaster Technologies. Defendants employed Tiffany Eppler as an hourly, non-exempt service technician. In that position, Ms. Eppler was responsible for performing fire and water remediation work. As a service tech, she was paid on an hourly basis, and if she worked more than 40 hours in a week, she was paid an overtime premium.

1.2 However, Defendants also employed Ms. Eppler as a janitor. For such work, Defendants paid Ms. Eppler a flat fee, and made no attempt to record Ms. Eppler's hours. Indeed, Defendants required Ms. Eppler to clock out prior to performing her janitorial work.

1.3 Defendants did not count time spent by Ms. Eppler in her capacity as a janitor toward their overtime obligations for Ms. Eppler. In other words, if Ms. Eppler worked 40 hours as a service

tech and an additional 15 hours as a janitor, Ms. Eppler was not paid any overtime premiums for the week. Defendants simply treated the hours Ms. Eppler worked as a janitor as if they didn't exist.

1.4     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Ms. Eppler overtime compensation for all hours worked.

1.5     Plaintiff hereby demands a jury trial.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Tiffany Eppler in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in this Judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Tiffany Eppler is an individual residing in Texas.

**B.     Defendants**

3.2     Defendant RLKMS Enterprises, Inc. is a domestic corporation with its primary place of business in Lufkin, Texas.  Defendant may be served by serving its registered agent for service of process, Kim M. Smith, at 300 South Medford Drive, Suite 103, Lufkin, Texas 75901.

3.3     Defendant RLKMS Enterprises, Inc. was an employer of Ms. Eppler as defined by 29 U.S.C. §203(d).

3.4     Defendant RLKMS Enterprises, Inc. was substantially in control of the terms and conditions of Ms. Eppler's work.

3.5     Defendant Craig Thompson is an individual residing in Lufkin Texas, and may be served at 202 Cameron St., Lufkin, Texas 75904, or at 300 South Medford Drive, Suite 103, Lufkin, Texas 75901, or wherever else he may be found.

3.6     Craig Thompson was an employer of Ms. Eppler as defined by 29 U.S.C. §203(d).

3.7     Craig Thompson was substantially in control of the terms and conditions of Ms. Eppler's work.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendants were, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3     At all relevant times, Defendants employed "employees," including Tiffany Eppler, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.5     At all relevant times, Defendants have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.6     At all relevant times, Tiffany Eppler was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendants.

4.7　At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.　FACTUAL ALLEGATIONS

5.1　Defendants operate a fire and water remediation company in Lufkin Texas. Defendants employed Tiffany Eppler in two different capacities: as an hourly, non-exempt service technician, and as a non-exempt janitor, paid on a flat rate basis.

5.2　Defendants employed Tiffany Eppler during the three-year period preceding the filing of this Complaint. Specifically, Ms. Eppler worked for Defendants from April 2016 to June 10, 2018.

5.3　Defendants consistently failed to pay Ms. Eppler overtime premiums for all hours worked, in spite of the fact that Ms. Eppler consistently worked much more than forty hours per week when her service tech hours and janitorial hours were combined.

5.4　Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.5　Defendants maintained and exercised the power to hire, fire, and discipline Tiffany Eppler during her employment with Defendants.

5.6　Tiffany Eppler was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.7　Defendants independently exercised control over the work performed by Tiffany Eppler.

5.8　Defendants are responsible for running the day-to-day operations of their business.

5.9　Defendants determined the wages to be paid to Tiffany Eppler.

5.10　Defendants determined the work to be performed by Tiffany Eppler.

5.11　Defendants determined Tiffany Eppler's hours.

5.12　Defendants determined Tiffany Eppler's conditions of employment.

5.13    Defendants maintained employment records on Tiffany Eppler.

5.14    Defendants possessed and, in fact, exercised the power to hire, fire and discipline Tiffany Eppler.

## VI.    CAUSE OF ACTION

### Violation of the FLSA for Failure to Pay Overtime Compensation

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Tiffany Eppler overtime premiums for all hours worked over forty per week during her employment.

6.3    No excuse, legal justification or exemption excuses Defendants' failure to pay Tiffany Eppler overtime premiums for all hours worked over forty per week, regardless of the capacity in which Ms. Eppler worked her .

6.4    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, they knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.5    Tiffany Eppler seeks all unpaid overtime premiums, and an additional amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tiffany Eppler respectfully prays that Defendants be cited to appear, and that, upon trial of this matter, Tiffany Eppler recover the following, jointly and severally against Defendants RLKMS Enterprises, Inc. and Craig Thompson:

a. Actual damages for the full amount of Tiffany Eppler's unpaid overtime compensation under the FLSA;

b. Liquidated damages in an amount equal to Tiffany Eppler's unpaid overtime compensation under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
WELMAKER LAW PLLC
7310 Manchaca Rd., #150728
Austin, Texas 78715
Phone: (512) 799-2048
Fax: (512) 253-2969
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**